IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BROADWING, INC. *et al.* : | |
| : | |
| Plaintiffs : | |
| : | Case Number: C-1-01-595 |
| vs. : | |
| : | District Judge Susan J. Dlott |
| FEDERAL INSURANCE CO., : | |
| : | |
| Defendant : | |

ORDER

This matter is before the Court on Federal Insurance Company's Motion for Reconsideration of the Court's Opinion and Order Denying Plaintiff[s'] Motion for Summary Judgment and Granting Federal's Motion for Summary Judgment in Part and Denying it in Part. (Doc. #27.) In a May 9, 2003 Order, the Court granted Defendant's motion for summary judgment in part, holding that Defendant Federal Insurance Company has no obligation to reimburse Plaintiffs Broadwing, Inc. ("BI") and Broadwing Communications Services, Inc. ("BCSI") for any amount of the settlements Plaintiffs entered into with Mark Lefebvre, Douglas Pasko and Jeffrey H. Swinton. (See doc. #25 at 20.) However, in the same Order, the Court denied Defendant's motion to the extent that it requested summary judgment on the issue of Defendant's obligation to pay legal fees and costs incurred by Plaintiffs in defending actions brought against BI and Broadwing Communications, Inc. ("BCI") by Messrs. Lefebvre, Pasko and Swinton. (See id.) Defendant seeks a reconsideration of the Court's May 9, 2003 Order to the extent that it denied Defendant's motion for summary judgment. Defendant offers two grounds for reconsideration. First, Defendant argues that the Court incorrectly relied on Endorsement No. 16 to the fiduciary liability insurance policy that Defendant issued to BI ("the Policy") in concluding that Plaintiffs' delay in notifying Defendant of the claims

against BI and BCI was not reasonable as a matter of law. Second, Defendant argues that, in denying Defendant's motion for summary judgment in part, the Court incorrectly assumed that Defendant had not moved for summary judgment on the ground that BI paid none of the settlement or defense costs in the underlying litigation and thus has no viable claim against Defendant.

"The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright *et al.*, Federal Practice and Procedure § 4478 at 790). In this case, there is no intervening change of controlling law. Defendant has submitted no new evidence. The only issue is whether there is a need to correct a clear error or to prevent manifest injustice.

In relying on Endorsement No. 16, the Court concluded that the Policy required Plaintiffs to give written notice to Defendant as soon as practicable only upon knowledge or discovery by Plaintiffs' risk management consultant, Robert Bernens, of the underlying claims against BI and BCI. However, in responding to Defendant's motion for reconsideration, Plaintiffs agree with Defendant that Endorsement No. 16 is irrelevant to the question of whether Plaintiffs gave reasonable notice, as the parties stipulated that the endorsement was not effective until January 1, 2001, while Plaintiffs notified Defendant of the underlying claims in December 2000. Nonetheless, Plaintiffs argue that any factual misunderstanding by the Court on this point is immaterial to the issue of whether summary judgment for Defendant was warranted. Plaintiffs correctly note that Defendant did not move for summary judgment on the ground that Plaintiffs did not give reasonably timely notice of the underlying claims as required by the Policy. The Court considered whether Plaintiffs had given reasonable notice as a matter of law only because *Plaintiffs* had moved for

summary judgment, arguing that the notice they gave was reasonable as a matter of law. In other words, even if the Court had disregarded Endorsement No. 16, it would not have ruled any differently on Defendant's motion. Defendant's motion for summary judgment did not present the issue of whether the notice was *un*reasonable as a matter of law. Moreover, as the Court noted in denying Plaintiffs' motion for summary judgment, the question of whether notice was timely given is generally a question of fact. See Hamilton Mut. Ins. Co. v. Perry, No. 92-OT-031, 1993 WL 49798, at *4 (Ohio Ct. App. Feb. 26, 1993) (per curiam). Thus, the Court will not reconsider its ruling on Defendant's motion for summary judgment on the ground that Endorsement No. 16 is irrelevant to the question of whether Plaintiffs gave Defendant timely notice of the underlying claims.

Defendant also argues that the Court should reconsider its decision because the Court incorrectly assumed that Defendant had not moved for summary judgment on the ground that BI had paid none of the judgements, settlements or defense costs for which it seeks reimbursement in this action. In the introductory section of the memorandum supporting its motion for summary judgment, Defendant stated that it moved for summary judgment on three grounds: 1) the judgments, settlements and legal fees paid in the underlying litigation did not constitute a "Loss" as a result of claims for "Wrongful Acts" as those terms are used in the Policy; 2) the "benefits due" exclusion of the Policy precluded coverage of the underlying claims, except for "Defense Costs"; and 3) certain legal fees and costs were incurred by Plaintiffs in violation of the Policy's requirement that Defendant's consent first be obtained. (Doc. #18 at 1-3.) Later in Defendant's brief, in a three-sentence footnote, Defendant stated that it "believes that there is a fourth reason why it is entitled to summary judgment against BI" – that BI did not pay any of the judgments or settlements in the

3

underlying actions and recorded the legal fees that it advanced on behalf of BCSI as an account payable of BCSI. (Id. at 23 n.17.) A summary judgment argument relegated only to a footnote is not properly presented and does not place the non-movant on notice to respond. See Harbison v. Prestige Group, Inc., No. IP 99-0882-C, 2001 WL 395786, at *10 n.4 (S.D. Ind. March 16, 2001). The undisputed evidence is that BI owns one hundred percent of BCI and BCI owns one hundred percent of BCSI. In briefing its motion for summary judgment, Defendant offered no legal support or substantive argument as to why it is relevant that BI recorded the legal fees that it advanced on behalf of BCSI as an account payable of BCSI. The parties still having not briefed this issue, the Court did not decide the issue in ruling on Defendant's motion for summary judgment and will not now reconsider its ruling on the basis of this issue.

For these reasons, the Court **DENIES** Federal Insurance Company's Motion for Reconsideration of the Court's Opinion and Order Denying Plaintiff's Motion for Summary Judgment and Granting Federal's Motion for Summary Judgment in Part and Denying it in Part. (Doc. #27.)

IT IS SO ORDERED.

                                ___s/Susan J. Dlott_____
                                Susan J. Dlott
                                United States District Judge